**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCUS BORGES, | No. 13-57156 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-08157-CAS-E |
| v. | |
| DAVE DAVEY, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted July 5, 2016
Pasadena, California

Before: MURGUIA, and WATFORD, Circuit Judges, and BOLTON,[**] District Judge.

California state prisoner Marcus Borges appeals the district court's denial of his petition for habeas corpus, in which he challenges his conviction for second-degree robbery on the grounds that three adverse rulings by the trial court violated

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

his constitutional rights: first, the trial court's sua sponte ruling limiting defense counsel's cross-examination of the victim during trial; second, the trial court's admission of testimony by the investigating officer that, in his opinion, the victim was robbed and Borges was the robber; and third, the trial court's denial of Borges's motion for a new trial, through which he sought to introduce a new percipient witness who could purportedly testify to Borges's innocence. The district court denied Borges habeas relief on all three claims of constitutional error. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Applying the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we hold that the California Court of Appeal's determination that Borges's Sixth Amendment right to cross-examine witnesses was not violated by the trial court's limitation on defense counsel's questioning of the victim was neither contrary to, nor an unreasonable application of, clearly established federal law. A defendant's right to present a complete defense, "a primary interest secured by [which] is the right of cross-examination," is well established. *Davis v. Alaska*, 415 U.S. 308, 315 (1974) (quoting *Douglas v. Alabama*, 380 U.S. 415, 418 (1965)); *see also Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). However, it is equally well established that trial courts may exclude evidence pursuant to state rules of procedure without violating criminal defendants' constitutional rights. *See*

*Van Arsdall*, 475 U.S. at 679.  Although we may feel differently were this case presented to us on direct review, we must conclude that the California Court of Appeal reasonably applied federal constitutional principles in holding that the trial court's restriction on defense counsel's cross-examination of the primary witness, based on the trial court's belief that extended questioning was cumulative under the California Evidence Code, did not infringe Borges's constitutional rights.

2.     We also find that the California Court of Appeal's conclusion that admitting testimony by the investigating officer that Borges committed the charged robbery did not violate Borges's constitutional right to have a jury decide his guilt was reasonable in light of clearly established federal law.   The erroneous application of a state rule of evidence is not a sufficient basis for granting federal habeas corpus relief unless the error rendered the trial fundamentally unfair. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  Because the Supreme Court has never held that a defendant's right to due process is violated when a witness gives opinion testimony regarding the fact of the defendant's guilt, the California Court of Appeal's rejection of Borges's claim cannot have been contrary to, nor an unreasonable application of, any clearly established Supreme Court law.  *See* 28 U.S.C. § 2254(d)(1).

3

3.    Borges's contention that the trial court misapplied state law in denying his motion for a new trial is not cognizable on federal habeas review.  *See Estelle*, 502 U.S. at 67 ("[F]ederal habeas corpus relief does not lie for errors of state law." (citation omitted)).  Nor does the proffered "new" testimony conclusively prove Borges's actual innocence, even if such a claim was available to a non-capital habeas petitioner.  *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

AFFIRMED.